IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 3:14-cv-89-ECM [WO] |
| JAMES CRAIG PRESTRIDGE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the Court is the Plaintiff's motion to revive judgment. (Doc. 24). On October 16, 2025, the Court ordered the Plaintiff to file a supplemental brief addressing the deficient jurisdictional allegations in the amended complaint (the operative complaint when final judgment was entered),[1] how such deficiencies impact the Plaintiff's motion to revive judgment, and whether and how such deficiencies may be remedied at this stage. (Doc. 26). The Plaintiff timely filed a brief in response to the Court's Order. (*See* doc. 27).

The Court's concern about the deficient jurisdictional allegations arose out of the amended complaint's allegations that Defendants James Craig Prestridge ("James") and Catherine M. Prestridge ("Catherine") were residents—but not citizens—of Alabama.

---

[1] Both the original complaint and the amended complaint invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* docs. 1, 7). The Plaintiff filed the amended complaint to cure deficient allegations regarding its own citizenship. (*See* doc. 6) (observing that the Plaintiff's complaint failed to plead the citizenship of the members of the LLC).

(Doc. 7 at 1, paras. 2–3).  For diversity purposes, "[c]itizenship, not residence, is the key fact that must be alleged." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "[D]omicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (parenthetical in original).  In its supplemental brief, the Plaintiff points out that the Promissory Note signed by the Defendants, which was attached to the amended complaint, indicates that, when the Defendants signed the Promissory Note in September 2008, they were residents of Alabama because each Defendant listed an Alabama address. (*See* doc. 7-1 at 2).  James listed 564 Davis Drive, Roanoke, Alabama, as his address, and Catherine listed 26 Lake View Drive, Roanoke, Alabama, as her address.  According to the Plaintiff, the fact that the Defendants resided in Alabama in September 2008 and continued to reside in Alabama in 2014, when both the original complaint (doc. 1) and the amended complaint (doc. 7) were filed, is sufficient to support a finding that the Defendants resided in Alabama and intended to remain there.  For this reason, the Plaintiff contends that the amended complaint adequately alleged that the Defendants were citizens of Alabama.  The Court also observes that on February 15, 2024, both Defendants were served with the original complaint at 564 Davis Drive, Roanoke, Alabama. (*See* docs. 4, 5).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  "This provision . . . should be liberally construed."

*Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981).[2] In a case where there were insufficient allegations of citizenship in the district court, the Eleventh Circuit on appeal treated the pleadings "as amended by the supplemental materials" a party submitted which "d[id] demonstrate diversity of citizenship." *Morales v. Zenith Ins. Co.*, 714 F.3d 1220, 1226 n.12 (11th Cir. 2013) (citing 28 U.S.C. § 1653). Upon review of the entire record, the Court is satisfied that, when the amended complaint was filed and when final judgment was entered, the parties were completely diverse, and diversity jurisdiction pursuant to § 1332 was proper. Consequently, the Court will treat the amended complaint as amended to adequately allege that the Defendants are citizens of Alabama.

Accordingly, and for good cause, it is

ORDERED that, pursuant to 28 U.S.C. § 1653, the amended complaint (doc. 7) is treated as amended to sufficiently allege that the Defendants are citizens of Alabama.

DONE this 10th day of December, 2025.

                                          /s/ Emily C. Marks  
                                          EMILY C. MARKS  
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.